**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

                        **Case No. 1:25-cr-10**

      **Plaintiff,**

    **v.**                     **JUDGE DOUGLAS R. COLE**

**JOHNATHON BROWN,**

      **Defendant.**

**<u>SENTENCING MINUTES</u>**

Danielle Margeaux and Kyle Healey appeared for the Government.

Defendant appeared with counsel, Kory Jackson.

Defendant sentenced as follows:

360 months on each of counts 1-3 with credit for time served, to run concurrent to each other and to run concurrent to the sentence imposed in Warren County case number 24CR041931.

<u>Recommendations</u>:
That the Defendant be placed in the Ashland BOP facility, or as an alternative the Elkton BOP facility.
That the Defendant participate in sex offender, mental health and controlled substance treatment and programming.

20 years supervised release.

Conditions:
    Must not commit another federal, state, or local crime.
    Shall be prohibited from possessing a firearm, ammunition, destructive device, or dangerous weapon.
    Shall not unlawfully possess a controlled substance.
    Must refrain from the unlawful use of a controlled substance.
    Must submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as determined by the Court.
    Must cooperate in the collection of his DNA, as directed by the probation officer.
    Must comply with the requirements of the Sex Offender Registration and Notification Act as directed.
    Shall comply with the standard conditions of probation that have been adopted

by this Court.

1. The defendant shall participate in a program of mental health assessment and/or counseling, as directed by the United States Probation Office, until such time as the defendant is released from such program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

2. The defendant shall participate in a program of testing, treatment and/or medication compliance for controlled substance abuse, as directed by the U.S. Probation Office, until such time as the defendant is released from the program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

3. The defendant shall participate in a sexual offender treatment program, to include a sex offender risk assessment, psycho-sexual evaluation and/or other evaluations needed. The defendant shall follow the rules and regulations of the sex offender treatment program as approved by the probation office. The defendant shall sign all necessary authorization forms to release confidential information so that treatment providers, the probation officer, polygraph examiner, and others (as necessary) are allowed to communicate openly about the defendant's course of treatment, and progress in treatment. The defendant shall make a co-payment for sex offender treatment services not to exceed $25 per month, which is determined by the probation officer's assessment of the defendant's ability to pay.

4. The defendant shall be subject to periodic polygraph examinations at the discretion and direction of the probation officer as means to ensure that the defendant is in compliance with the requirements of his or her supervision or treatment. The
polygraph testing will be at the defendant's expense, based on the probation officer's assessment of the defendant's ability to pay.

5. The defendant's residence and employment shall be pre-approved by the probation officer, and must be in compliance with state and local law.

6. The defendant shall not view or possess material, images, videos, or computer files containing sexually explicit conduct as defined by 18 U.S.C. §§ 2256(2)(A) and (B).

7. The defendant shall have no contact with any minors with exception of the defendant's own children. The term contact extends to all forms of communication such as email, telephone, text, letter, and any other form of

electronic communication. This provision does not encompass persons under age 18 such as ticket vendors, cashiers, or waiters with whom the defendant must deal in order to obtain normal commercial services. The defendant shall be prohibited from loitering where minors congregate, such as, but not limited to, playgrounds, arcades, amusement parks, recreation parks, sports events involving minors, shopping malls, and public swimming pools.

8. The defendant shall not have any direct or indirect contact with Minor Victims A, C, or D while incarcerated or during his term of supervised release.

9. The defendant shall submit to the installation of software, and to monitor computer activities on any computer the defendant is authorized to use at the defendant's expense. The software will record any and all activities on the defendant's computer. The software will be checked on a periodic basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer and shall make other users of said computer aware of the monitoring software. The defendant understands that any information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and the conditions of supervision. Furthermore, the defendant shall comply with the rules set forth in the Computer and Internet Monitoring Agreement and the Computer and Internet Acceptable Use Agreement as adopted by the Southern District of Ohio.

10. In consideration of 18 U.S.C. § 3583(d)(3), the defendant shall submit and/or surrender any media device, to which they have access and/or control, to a search based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. A media device is defined as, but not limited to, any device which is capable of accessing the internet, storing images, text, or other forms of electronic communication.

Forfeiture:
As specified in the Plea Agreement (Doc. 20).

Special Assessment: $300          Fine: $0          Restitution: $0

Defendant remanded to the custody of the U.S. Marshal.

**Judge:**                    **Douglas R. Cole**

**Courtroom Deputy:**    **Bill Miller/Melissa Saddler**

**Court Reporter:**       **Sue Lopreato**

**Date:**                     **March 24, 2026**